**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION D/B/A MASSACHUSETTS GENERAL HOSPITAL, THE BRIGHAM AND WOMEN'S HOSPITAL, INC., NORTH SHORE MEDICAL CENTER, INC. D/B/A SALEM HOSPITAL, UMASS MEMORIAL MEDICAL CENTER, INC, and UMASS MEMORIAL HEALTH – HARRINGTON HOSPITAL, INC.,<br>*Plaintiffs,*<br>v.<br>ELI LILLY AND COMPANY;<br>*Defendant.* | Civil Case No. 1:26-cv-14855 |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, Plaintiffs The General Hospital Corporation d/b/a Massachusetts General Hospital ("**MGH**"), The Brigham and Women's Hospital, Inc. ("**BWH**"), North Shore Medical Center, Inc. d/b/a Salem Hospital ("**SH**"), UMass Memorial Medical Center, Inc. ("**UMass Memorial**"), and UMass Memorial Health – Harrington Hospital, Inc. ("**Harrington**") (referred to together as "**Plaintiffs**") move this Court for entry of a preliminary injunction enjoining Defendant Eli Lilly and Company ("**Defendant**" or "**Lilly**") from leveraging its monopoly-driven bargaining power to extract unlawful and unreasonable concessions from Massachusetts hospitals.

Plaintiffs are likely to succeed on the merits of Counts I and II. In January 2026, Lilly adopted a policy (the "**Policy**") conditioning Plaintiffs' access to the federally mandated 340B "**Ceiling Price**," *see* 42 U.S.C. § 256b, *et. seq*., on their surrender of in-house pharmacy and medical claims data regarding 340B drug dispenses to their patients (the "**Claims Data**"). Lilly's Policy requires submission of Claims Data to "**340B ESP**," a third-party platform Lilly selected,

under non-negotiable terms of use (the "**Terms**") that grant Lilly's vendor a perpetual, irrevocable, worldwide license to the Claims Data, cap aggregate liability at $100, and shift all data-security and privacy risk to Plaintiffs. When Plaintiffs refused to disclose the Claims Data, which implicates their patients' protected health information under HIPAA, Lilly cut off their access to the statutorily required Ceiling Price.

Lilly's conduct violates Massachusetts General Laws Chapter 93A in four respects: (1) Lilly coercively leverages its bargaining power as the sole-source supplier of essential medications; (2) its stated justification for the Policy—preventing Duplicate Discounts—is pretextual, as shown by Terms permitting uses far beyond Duplicate Discount review, the substantial commercial value of the Claims Data to Lilly, administrative burdens and risks grossly disproportionate to Lilly's stated purpose, and Lilly's existing statutory audit rights; (3) the Policy forces Plaintiffs to risk violating privacy laws and breaching patient trust; and (4) the Policy offends public policy, as confirmed by more than a dozen state laws prohibiting such Claims Data requirements. Lilly has also been unjustly enriched by obtaining or seeking to obtain commercially valuable Claims Data without paying for it, evading the reasonable-cause standard and other safeguards of the statutory audit process, and retaining overcharges above the Ceiling Price while continuing to benefit from the inclusion of its drugs on Medicaid and Medicare Part B formularies.

The remaining factors likewise favor relief. Absent an injunction, Plaintiffs will suffer three independent categories of irreparable harm: (1) compounding financial losses from lost 340B savings that threaten patient-care programs for underserved communities, which an end-of-case damages award cannot restore; (2) the compelled and practically irreversible disclosure of Claims Data under unconscionable Terms; and (3) damage to their institutional reputations and patient trust. The balance of the equities and the public interest also weigh decisively in Plaintiffs' favor: Plaintiffs use 340B savings, as Congress intended, to serve Massachusetts's most vulnerable patients, while an injunction costs Lilly nothing, because its statutory audit rights already address its stated concerns and the injunction merely requires Lilly to honor its obligation to provide the Ceiling Price.

For the reasons set out in the accompanying memorandum of law in support of this motion (the "Memorandum"), supporting declarations, and exhibits, the proposed injunctive relief is necessary and appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court, after a hearing, grant their Motion for a Preliminary Injunction and issue an order consistent with the proposed Order attached hereto.

**REQUEST FOR ORAL ARGUMENT**

Plaintiffs respectfully request a hearing on their Motion for a Preliminary Injunction.

Dated: October 29, 2026

Respectfully submitted,

THE GENERAL HOSPITAL CORPORATION D/B/A MASSACHUSETTS GENERAL HOSPITAL, THE BRIGHAM AND WOMEN'S HOSPITAL, INC.; NORTH SHORE MEDICAL CENTER, INC. D/B/A SALEM HOSPITAL, UMASS MEMORIAL MEDICAL CENTER, INC, AND UMASS MEMORIAL HEALTH – HARRINGTON HOSPITAL, INC.

By their attorneys,

By /s/ *Morgan C. Nighan*

Morgan C. Nighan (BBO # 679546)
Matthew McLaughlin (BBO #660878)
NIXON PEABODY LLP
Exchange Place, 53 State Street
Boston, MA 02109
(617) 345-1031
mnighan@nixonpeabody.com
mmclaughlin@nixonpeabody.com

Nathan P. Warecki (BBO # 687547)
Jonathan D. O'Neil (*Pro Hac Vice Motion forthcoming*)
NIXON PEABODY LLP
900 Elm Street, 14th Floor
Manchester, NH 03101

(603) 628-4000
nwarecki@nixonpeabody.com
joneil@nixonpeabody.com

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I hereby certify that counsel for Plaintiffs conferred with counsel for Defendant on October 28, 2026 in a good-faith attempt to resolve or narrow the issues presented by this Motion and accompanying memorandum of law, and that Defendant does not assent to the relief requested herein.

*/s/ Morgan C. Nighan*
Morgan C. Nighan

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I filed a copy of the Motion for Preliminary Injunction and Memorandum of Law in Support of Motion for Preliminary Injunctive Relief with the Clerk of the Court using the CM/ECF system, which automatically sent e-mail notification of such filing to all attorneys of record. I certify that I served a copy of the foregoing via e-mail on counsel for Defendant, James M. Campbell, at jmcampbell@Campbell-trial-lawyers.com.

*/s/ Morgan C. Nighan*
Morgan C. Nighan

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE GENERAL HOSPITAL CORPORATION D/B/A MASSACHUSETTS GENERAL HOSPITAL, THE BRIGHAM AND WOMEN'S HOSPITAL, INC., NORTH SHORE MEDICAL CENTER, INC. D/B/A SALEM HOSPITAL, UMASS MEMORIAL MEDICAL CENTER, INC, and UMASS MEMORIAL HEALTH – HARRINGTON HOSPITAL, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ELI LILLY AND COMPANY;<br><br>*Defendant.* | Civil Case No. 1:26-cv-14855 |

**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

This matter is before the Court upon Plaintiffs The General Hospital Corporation d/b/a Massachusetts General Hospital ("**MGH**"), The Brigham and Women's Hospital, Inc. ("**BWH**"), North Shore Medical Center, Inc. d/b/a Salem Hospital ("**SH**"), UMass Memorial Medical Center, Inc. ("**UMass Memorial**"), and UMass Memorial Health – Harrington Hospital, Inc. ("**Harrington**") (collectively, "**Plaintiffs**"), Motion for a Preliminary Injunction (the "**Motion**") seeking a preliminary injunction to prevent Defendant Eli Lilly and Company ("**Defendant**") from enforcing its 2026 Policy and the associated Terms against Plaintiffs. (Index #___.).

Upon review of Plaintiffs' motion for preliminary injunction, the accompanying memorandum of law, the supporting Declarations and exhibits, Defendant's opposition, and having heard oral argument on the same, the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits as to each count asserted and that irreparable harm would result to Plaintiffs absent entry of this Order.

THEREFORE, it is ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED; and further ORDERED that Defendant shall be preliminarily enjoined until further order from the Court, from:

A. Enforcing the Policy and the Terms (as defined in the Motion) against Plaintiffs;

B. Continuing to deny, restrict, or otherwise interfere with Plaintiffs' access to the 340B Ceiling Price for covered outpatient drugs; and

C. Imposing Claims Data submission requirements or other conditions on Plaintiffs' access to the 340B Ceiling Price that are not required by 42 U.S.C. § 256b, including those in Defendant's Policy.

SO ORDERED.

Dated: ________________

___________________________________
United States District Judge